IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Todd Blaney, Jr., | ) | FILED: JUNE 02, 2008 |
| | ) | 08CV3170    TC |
| Plaintiff, | ) | JUDGE ASPEN |
| | ) | MAGISTRATE JUDGE MASON |
| vs. | )  NO. | |
| | ) | |
| City of Chicago, | ) | |
| Officer Shannon, Star # 16066, | ) | |
| Officer Flagg, Star # 9386, | ) | |
| Sergeant O'Neill, Star # 2063, | ) | |
| Officer Wasak, Star # 19258, | ) | |
| Officer Glynn, Star # 12217, | ) | |
| Officer Doherty, Star # 6032 | ) | |
| Officer Morrin, Star # 5606, | ) | |
| and Unknown Chicago Police Officers, | ) | |
| | ) | |
| Defendants. | ) | |

NOTICE OF REMOVAL

Defendant City of Chicago by one of its attorneys, Naomi Avendano, Deputy Corporation Counsel of the City of Chicago, respectfully removes the above entitled action to this Court, pursuant to 28 U.S.C. §1441(b) and (c), §1446, and on the following grounds:

1. Defendants City of Chicago and Police Officers Thomas Shannon, Corey Flagg[1], Robert O'Neill, Joseph Wasak, Lori Glenn (now Lori Bechina), John Doherty, and Daniel Morrin were named as defendants in a civil action filed on April 22, 2008, in the Circuit Court of Cook County of the State of Illinois, case number 08 L 4384, entitled Todd Blaney, Jr. v. City of Chicago, et al..

---

[1] Corey Flagg is not represented by the undersigned, but upon information and belief, he does not oppose this removal.

2. The summons and complaint were served upon the City of Chicago's Police Department on or about May 2, 2008. Chicago Police Personnel, Thomas Shannon, Robert O'Neill, Joseph Wasak, Lori Bechina (formally Glenn), John Doherty, and Daniel Morrin have not yet been served but will not oppose the removal. <u>See</u> summons and complaint attached hereto as Exhibit A.

3. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and Illinois common law. Plaintiff alleges that the defendants falsely arrested, conspired to falsely arrest, assaulted, battered and failed to obtain medical attention for the plaintiff in violation of his rights under the fourth and fourteenth amendment of the United States Constitution and his rights under Illinois law.

4. Defendants are entitled to remove this action to this court, pursuant to 28 U.S.C. §1441(b) and (c).

5. It appears from the face of plaintiff's complaint that this is, primarily, a civil rights action which arises under the United States Constitution and involves federal questions. Plaintiff's complaint alleges, among other things, that the defendants violated the rights of the plaintiff as guaranteed by the United States Constitution.

WHEREFORE, defendant City of Chicago, respectfully requests that the above-entitled action now pending in the Circuit Court of Cook County in the State of Illinois, case number 08 L 4384, be removed therefrom to this Court.

                        Respectfully submitted,

                        /s/ Naomi Avendano
                        Naomi Avendano
                        Deputy Corporation Counsel

30 N. LaSalle St., Suite 1400

Chicago, IL  60602
(312) 742-7880; Atty. No. 06203689

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
# COUNTY DEPARTMENT, LAW DIVISION

TODD BLANEY JR., )
           Plaintiff, ) No.
           v. ) Judge
) 08CV3170
CITY OF CHICAGO, OFFICER SHANNON, ) JUDGE ASPEN
STAR # 16066, OFFICER FLAGG, STAR # 9386 ) MAGISTRATE JUDGE MASON
SERGEANT O'NEILL, STAR # 2063, )
OFFICER WASAK, STAR #19258, OFFICER )
GLYNN, STAR # 12217, OFFICER DOHERTY, )
STAR # 6032, OFFICER MORRIN, Star #5606, )
AND UNKNOWN CHICAGO POLICE )
OFFICERS ) 2008L004384
) CALENDAR/ROOM A
) TIME 00:00
) Tort - Intentional
           Defendants. ) JURY DEMANDED

## COMPLAINT

NOW COMES the Plaintiff, Todd Blaney Jr., through his attorneys, A LAW OFFICE OF CHRISTOPHER R. SMITH, and for his Complaint against defendants CITY OF CHICAGO, CHICAGO POLICE OFFICERS FLAGG, STAR # 9386, SERGEANT O'NEILL # 2063, OFFICER WASAK, STAR #19258, OFFICER GLYNN, STAR # 12217, OFFICER DOHERTY, STAR # 6032, OFFICER MORRIN #5606, and UNKNOWN CHICAGO POLICE OFFICERS, states as follows:

### JURISDICTION

2. This action is brought pursuant to the laws of the State of Illinois. Plaintiff also invokes the supplemental jurisdiction of this Court for claims that arise out of federal law 42

U.S.C Sections 1983 and 1988 and the United States Constitution.

## PARTIES

3. Plaintiff is a citizen of the United States, who currently resides in Chicago, Cook County, Illinois.

4. Defendant Chicago Police Officers, collectively the "Officer Defendants," were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of all other defendants. At all times relevant hereto, all defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois and the City of Chicago, and within the scope of their employment with defendant institutions.

## FACTS

6. In the afternoon of March 19, 2004, Todd Blaney was in his grandmother's home.

7. Defendant officers came to the front door, and began to attempt to pry it open.

8. When she saw defendant officers attempting to pry the door open, Todd Blaney's mother opened the door to address the officers.

9. The defendant officers swarmed past her, and into the house.

10. When the defendant officers encountered Todd Blaney, they immediately placed him in handcuffs.

2

11. The defendant officers handcuffed Mr. Blaney's brother, uncle, and mother.

12. Defendant Flagg began threatening members of Mr. Blaney's family, in front of the other Officer Defendants, telling them that they would go to jail if they did not show him money or drugs.

13. Defendant Flagg demanded that Mr. Blaney tell him where the money, drugs, and guns were.

14. When Mr. Blaney told Defendant Flagg that he did not know where any drugs, money, or guns were, planted a bag of drugs on Mr. Blaney and told him that he was going to jail.

15. Defendants took Mr. Blaney to jail.

16. Mr. Blaney remained incarcerated for five days, and was under house arrest for an additional two weeks before he could post bond.

17. The City of Chicago removed defendant Flagg from the police force, and the Cook County State's Attorney prosecuted defendant Flagg for criminal misconduct in his official capacity.

18. Until the case was nolle prossed on October 29, 2007, well after the criminal prosecution against defendant Flagg had commenced, Cook County state's attorneys continued to use information supplied by the thoroughly discredited Corey Flagg and his confederates to form the basis of their prosecution of plaintiff.

19. The case against Mr. Blaney was dismissed in a manner indicative of his innocence.

20.    The defendants in this case wrote false police reports, planted evidence, gave false testimony to a grand jury, and otherwise supported the prosecution of Todd Blaney for crimes that they know he did not commit.

## Count I

### 745 ILCS 10/9-102

1-20.    Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21.    Defendant City of Chicago is the employer of all police officer defendants.

22.    The Officer Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should any of the individual officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment Plaintiff obtain against said defendants, as well as attorneys fees and costs awarded.

## Count II

### Malicious Prosecution — State Claim Against City and Officers

1-20.    Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21.    By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute plaintiff Mr. Blaney on false charges for which they knew there was no probable cause.

22.    The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of

defendant City, and while acting within the scope of this employment.

23. As a direct and proximate result of the malicious prosecution, Terrance Thompson was damaged, including the value of his lost liberty, attorneys' fees, lost work, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, anguish, the loss of a relationship with his child, and the loss of a normal life.

WHEREFORE, Todd Blaney demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION ($1,000,000.00), and further demands attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

## Count III

### Intentional Infliction of Emotional Distress Against City and Officers

1-20. Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

22. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

23. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of

sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

24. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, Todd Blaney demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION ($1,000,000.00), and further demands attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

## Count IV

### 42 U.S.C. Section 1983 – Due Process

1-20. Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21. As described more fully above, all of the defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to a fair trial.

22. In the manner described more fully above, the defendants deliberately withheld exculpatory evidence, as well as fabricated false reports, testimony, and other evidence, thereby misleading and misdirecting the criminal prosecution of Plaintiff. Absent this misconduct, the prosecution of Plaintiff could not and would not have been pursued.

23. The defendant officers' misconduct also directly resulted in the unjust criminal

conviction of Plaintiff, thereby denying him his constitutional right to a fair trial, and a fair appeal thereof, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

24.   As a result of this violation of his constitutional rights, Plaintiff suffered injuries, including, but not limited to, emotional distress and a deprivation of his liberty, as is more fully alleged above.

25.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

26.   The misconduct described in this Count was undertaken pursuant to the official policy and practice of the Chicago Police Department in the manner described more fully above.

WHEREFORE, Todd Blaney demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION ($1,000,000.00), and further demands attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

       Respectfully submitted,

       TODD BLANEY JR.

       */s/ James Barany*
       By: One of his attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.

Christopher R. Smith
Jared S. Kosoglad
A Law Office of Christopher R. Smith
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400

8

Removal  JHE 5/7/8
CPDEB/mp
0120PD

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-75M-2/28/05 (43480658)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, ___Law___ DIVISION

RECEIVED
CORPORATION COUNSEL
CHICAGO
2008 MAY -5 AM 9:02

(Name all parties)

Todd Blaney Jr.

v.

City of Chicago, Officer Shannon, Star #9386,
Sergeant O'Neill, Star #2063, Officer Wasak, Star #19258
Officer Glynn, Star #12217, Officer Doherty Star #6032,
Officer Morrin, Star #5606, Officer Flagg Star #9386

No. 2008L004384
CALENDAR/ROOM A
TIME 00:00
Tort - Intentional
1 MILEAGE 10.00
REF SHERIFF # 047551
CASE TOTAL 60.00
2008L004384 60.00
CALENDAR/ROOM TL
CHECK TIME 00:00 60.00
CASHIER PAULA Intentional

**SUMMONS**

To each Defendant: City of Chicago, 121 N LaSalle, City Hall

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room ___A___, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 43655
Name: Christopher R. Smith
Atty. for: Todd Blaney Jr.
Address: 119 N. Peoria, Suite 3a
City/State/Zip: Chicago, IL 60607
Telephone: 312.432.0400
Service by Facsimile Transmission will be accepted at: 312.850.2704
(Area Code)  (Facsimile Telephone Number)

WITNESS, _____ APR 2 2008
_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

[SEAL]

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-75M-2/28/05 (43480658) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, __Law__ DIVISION

(Name all parties)

Todd Blaney Jr.

v.

City of Chicago, Officer Shannon, Star #9386, Sergeant O'Neill, Star #2063, Officer Wasak, Star #19258, Officer Glynn, Star #12217, Officer Doherty Star #6032, Officer Morrin, Star #5606, Officer Flagg Star #9386

No. 2008L004384
CALENDAR/ROOM A
TIME 00:00
Tort - Intentional

**SUMMONS**

To each Defendant: City of Chicago, 121 N LaSalle, City Hall

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room ___A___, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 43655
Name: Christopher R. Smith
Atty. for: Todd Blaney Jr.
Address: 119 N. Peoria, Suite 3a
City/State/Zip: Chicago, IL 60607
Telephone: 312.432.0400

Service by Facsimile Transmission will be accepted at: 312.850.2704
(Area Code)  (Facsimile Telephone Number)

WITNESS, APR 22 2008

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS