## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TODD BLANEY JR., | ) | |
| | ) | |
| Plaintiff, | ) | NO.  08 C 3170 |
| | ) | |
| v. | ) | HON. JUDGE ASPEN |
| | ) | Judge Presiding |
| CITY OF CHICAGO, OFFICER SHANNON, | ) | |
| STAR #16066, OFFICER FLAGG, STAR #9386 | ) | MAGISTRATE JUDGE MASON |
| SERGEANT O'NIELL, STAR # 2063 | ) | |
| OFFICER WASAK, STAR #19258, OFFICER | ) | |
| GLYNN, STAR # 12217, OFFICER DOHERTY, | ) | |
| STAR # 6032, OFFICER MORRIN, STAR # 5606, | ) | |
| AND UNKNOWN CHICAGO POLICE | ) | |
| OFFICERS | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT OFFICERS RULE 12(b)(6)MOTION TO DISMISS

Defendants, Thomas Shannon, Robert O'Neill, Joseph Wasak, Kevin Glynn, John

Doherty, and Daniel Morrin ("Defendant Officers"), by one of their attorneys, Thomas H. Freitag,

Assistant Corporation Counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

move to dismiss Plaintiff's Complaint. Plaintiff's Complaint fails to state any claim against

Defendant Officers upon which relief may be granted. In support of this Motion, Defendant

Officers state as follows:

### BACKGROUND

Plaintiff's Complaint stems from Plaintiff's arrest for possession of cannabis and

possession of a controlled substance on March 19, 2004. Plaintiff filed his Complaint in the

Circuit Court of Cook County, Illinois, on April 22, 2008, alleging multiple state claims and a

federal claim arising from his prosecution including: Count I, alleging a state claim of

indemnification; Count II, alleging a state law claim for malicious prosecution; Count III alleging

a state law claim for intentional infliction of emotional distress; and Count IV, alleging a federal

claim of deprivation of due process. (*See* Plaintiff's Complaint, attached as Exhibit A).  The case

was then removed to the United States District Court for the Northern District of Illinois on June

2, 2008. Defendants Shannon, O'Neill, Wasak, Glynn, Doherty, and Morrin respectfully request

this Court to dismiss all counts.

## **STANDARD OF REVIEW**

A court generally should dismiss a complaint under Fed. R. Civ. P. 12(b)(6) if the plaintiff

does not meet the burden of showing that the allegations create not just a possibility, but the

plausibility of entitlement to relief. *Bell Atlantic Corporation v. Twombly*, --- U.S. ---, 127 S.Ct.

1955, 1966 (2007). In order to survive a Rule 12(b)(6) motion to dimiss, the complaint must

describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the

grounds upon which it rests. *Id.* at 1964. The allegations in a complaint must plausibly suggest

that the plaintiff has a right to relief, raising the possibility above, a speculative level; if they do

not the plaintiff pleads themselves of court. *EEOC v.Concentra Health Sevrices*, 496 F.3d 773,

776 (7th Cir. 2007).  The Seventh Circuit has stated that "it is not enough for a complaint to

avoid foreclosing possible basis for relief, it must actually suggest that the plaintiff has a right to

relief…". *Id.* at 777 (Citing *Bell Atlantic Corp.,* at 1968-69). A complaint must provide

allegations that raise a right to relief above the speculative level. *Id.* at 777 (Citing *Bell Atlantic*

*Corp.,* at 1965). Only factual allegations should be considered, and a district court may freely

reject allegations that are nothing more than legal conclusions.  Reichenberger v. Pritchard, 660

F.2d 280, 282 (7th Cir. 1981). "Plaintiff's obligation to provide the grounds of his entitlement to

relief requires more than labels and conclusions and a formulaic recitation of the elements of a

cause of action will not do." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. The complaint's factual

allegations cannot be based on mere speculation. *Id.*

## **ARGUMENT**
**I.    COUNT IV FAILS TO STATE A CLAIM FOR VIOLATION OF PLAINTIFF'S
DUE PROCESS RIGHTS**

Count IV is titled "42 U.S.C. Section 1983 – Due Process" and asserts Defendants

deprived Plaintiff of rights in violation of the Due Process Clause of the Fourteenth Amendment.

While it is not clear whether Plaintiff is claiming a violation of procedural or substantive due

process rights, he cannot prevail under either prong. Either way, Plaintiff must first identify the

nature of the specific constitutional right he claims was violated. The first step in analyzing a

Section 1983 claim is to identify the specific constitutional right allegedly infringed. *See Albright*

*v. Oliver*, 510 U.S. 266, 811-12 (1994) *citing Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Not only has Plaintiff failed to identify the precise constitutional right at issue, but under the facts

alleged Plaintiff has not been deprived of a constitutionally protected interest under the fourteenth

Amendment. Therefore, Count IV must be dismissed for failure to state a claim upon which relief

can be granted.

### **A.    The Fourteenth Amendment does not Support a Claim for Pre-Trial Liberty
Interests**

Plaintiff's assertion that the Defendant Officers' conduct resulted in "unjust criminal

conviction of Plaintiff, thereby denying him constitutional right to a fair trial," is incorrect.

Plaintiff was never convicted for the crime that is the subject of this lawsuit. As Plaintiff states in

the Complaint, the case was nolle prossed on October 29, 2007. (Exhibit A , ¶ 18). The case

against Plaintiff was nolle prosequi'd and never went to trial. (See Certified Statement of

Disposition in <u>People of the State of Illinois v. Todd Blaney</u>, 04 CR 0969901, attached hereto as Exhibit B).[1]  Plaintiff had no trial and there was no conviction, therefore, "unjust criminal conviction" and the denial of a fair trial cannot serve as a basis for a constitutional injury. *See Johnson v. Garza*, --- F.Supp.2d ---, 2008 WL 2700296 at *6 (N.D.Ill. July 11, 2008)(J. Shadur)(Granting motion to dismiss due process claim, because the case never went to trial). His "loss of liberty" is, thus, related to pre-trial interests arising out of a claim for wrongful prosecution.  However, according to the Supreme Court, the Fourteenth Amendment does not support a claim of wrongful prosecution.

In *Albright v. Oliver*, 510 U.S 266 (1994), the plaintiff asserted a Fourteenth Amendment due process claim to be free from prosecution without probable cause.  In *Albright*, the Supreme Court held substantive due process with its " 'scarce and open-ended' " " 'guideposts' " would not serve as a source of recovery under Section 1983 pre-trial liberty interests relating to a prosecution.  510 U.S. at 275, quoting *Collins v. Harker Heights*, 503 U.S. 115, 125 (1992). The essential constitutional injury in both *Albright* and the instant case involve pretrial liberty interests.  Plaintiff does not contend the Defendant Officers' allegedly improper conduct caused any constitutionally cognizable injury other than that which resulted from the initial arrest and subsequent prosecution and incarceration.  Based on the decision in *Albright*, these pretrial interests do not fall under the Fourteenth amendment.  As pled, Plaintiff's due process claim in Count IV cannot stand and must be dismissed.

---

1    Submission of a Certified Statement of Conviction/Disposition does not require that this Court convert defendants' motion to dismiss under F.R.C.P. 12(b)(6) into one for summary judgment.  <u>See</u> <u>Brown v. Campbell</u>, 1995 WL 229033, at *3 n. 2 (N.D. Ill. April 14, 1995) (citing <u>Venture Assoc. Corp v. Zenith Data Systems, Inc.</u>, 987 F.2d 429, 431 (7th Cir. 1993); <u>Romani v. Shearson Lehman Hutton</u>, 929 F.2d 875, 879 n. 3 (1st Cir. 1991)).

**B.    Plaintiff's allegations of due process are not Cognizable under the Fourteenth Amendment**

A close reading of Plaintiff's allegations suggests he hinges his due process claim on the following: (i) a deprivation of his constitutional right to a fair trial by Defendants submitting fabricated false reports, testimony and other evidence; and, (ii) by the Defendants deliberately withholding exculpatory evidence, thereby misleading and misdirecting the criminal prosecution. The first of these allegations sounds in the nature of a claim for false arrest or malicious prosecution and the second evokes a possible *Brady* violation.  Under the law in this circuit, neither of these theories is actionable pursuant to Section 1983 with the facts alleged.

**(i)    The alleged deprivation of due process amounts to a claim for malicious prosecution which does not state a cause of action under Section 1983**

To the extent Plaintiff's due process claim is grounded in an investigation and prosecution based on allegedly false charges, false police reports and false testimony, he fails to state a claim upon which relief can be granted.  A claim for wrongful or malicious prosecution does not state a constitutional cognizable cause of action unless state law provides no remedy for malicious prosecution.  *See Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2000)(substantive due process will not support claims for wrongful prosecution sounding in malicious prosecution); *see also Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002) (Section 1983 malicious prosecution claim fails as a matter of law in a suit brought after criminal charges dismissed prior to trial). In the present matter, there is already a state malicious prosecution claim.

The use of false or fabricated evidence at trial does not, standing alone, form the basis of a due process claim. *See Sorberger v City of Knoxville*, 434 F.3d 1006, 1029 (7th Cir. 2006)("The Constitution does not require that the police testify truthfully")(empasis omitted). Therefore, a police officer's failure to testify truthfully does not result in a violation of due process under the

Fourteenth Amendment or Section 1983. The "constitutional rule is that the defendant is entitled to a trial that will enable jurors to determine where the truth lies." *Buie v. McAdory*, 341 F.3d 623, 625-626 (7th Cir. 2003). In *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003)(the use at trial of evidence that had been planted on a criminal defendant did not give rise to a due process claim that the defendant's trial was unfair), the Seventh Circuit refused to entertain the type of claim Plaintiff brings here.  Under the guise of a Fourteenth Amendment due process claim, the *McCann* plaintiff argued defendant purposely created false evidence to procure his conviction and imprisonment and failed to disclose exculpatory evidence.  These are the exact allegations Plaintiff brings here.  The Seventh Circuit found *McCann's* due process claim based on creating false evidence failed because it was nothing more than a recast of his false arrest and malicious prosecution claims. *Id.* at 786.  Moreover, the appellate court determined a deprivation of liberty resulting from a prosecution (and conviction) deliberately obtained from the use of false evidence is, in essence, a claim for malicious prosecution which would not lie after *Newsome*.

> "McCann cannot do an end run around the foregoing precedent by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment." *McCann*, 337 F.3d at 786

As the Seventh Circuit made clear in *McCann*, Plaintiff's allegations here do not state a cognizable Fourteenth Amendment due process claim and must be dismissed.

Similarly, Plaintiff's allegations that Defendants withheld evidence and concealed facts in order to provoke wrongful prosecution also sound in the nature of malicious prosecution and so do not raise a Fourteenth Amendment claim after *Newsome*.  To the extent Plaintiff seeks to come within *Newsome's* exception for *Brady* violations, he cannot because *Brady's* disclosure requirements protect the right to a fair trial which is not impacted here.

(ii)     A *Brady* claim for failure to disclose exculpatory evidence does not state a cause of action under Section 1983 when charges are dismissed prior to trial

The *Brady* requirement is woven into the fabric of a criminal defendant's right to a fair trial.  Therefore, a "*Brady* violation" is not actionable as a constitutional tort if there is no trial.  In *Brady v. Maryland*, 373 U.S. 83, 86, 83 S.C. 1194, 10 L.Ed. 215 (1963), the Supreme Court emphasized the fundamental principle at stake was the "avoidance of an unfair trial to the accused."  In *Newsome v. McCabe*, 256 F. 3d 747 (7th Cir. 2001), the Seventh Circuit recognized a Section 1983 cause of action under the Fourteenth Amendment due process clause when police deliberately withhold exculpatory evidence from prosecutors.  However, "[s]uch a violation occurred at trial (for Brady identifies a trial right)…" *Id.* at 752.  For Section 1983 purposes, *Brady's* requirement to disclose exculpatory evidence is not implicated outside the context of trial and Plaintiff's contention that he suffered a due process violation as a result of withheld exculpatory evidence will not stand under the Fourteenth Amendment.

Looked at from another angle, Plaintiff cannot maintain a Fourteenth Amendment due process claim for alleged *Brady* violations because he cannot show he suffered prejudice in the *Brady* sense of materiality.  As the court noted in *Gregory v. Oliver*, 226 F.Supp. 2d 943 (N.D. Ill. 2002), the purported failure to turn over potential exculpatory evidence does not violate a plaintiff's constitutional rights when the evidence was not material in *Brady* terms – that is there was no reasonable probability that the result of the proceedings would have been different if the evidence had been disclosed.  *Id.* at 953.  In *Gregory*, this Court found an acquittal, despite the allegedly withheld evidence, precluded any possibility of a more favorable outcome to the plaintiff. Here, Plaintiff did not even reach trial, as the criminal charges against him were nolle prosequi'd.

Just as an acquittal fails to meet the prejudice or materiality standard required for a *Brady* violation, Plaintiff's claim that he was deprived of due process fails for this same fundamental reason. Considering the outcome of Plaintiff's criminal case did not result in a conviction – but a nolle prosequi prior to trial – the outcome could not have been any more favorable. Thus, the alleged misconduct of the Defendant Officers does not state a Fourteenth Amendment due process violation. *See also, Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999)("A defendant who is acquitted cannot be said to have been deprived of the right to a fair trial."); *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988) (affirming dismissal of Section 1983 fair trial claim and stating "[b]ecause the underlying criminal proceeding terminated in appellant's favor, he has not been injured by the act of wrongful suppression of exculpatory evidence."); *Flores v. Satz*, 137 F.3d 1275, 1278 (11th Cir. 1998)(no Section 1983 claim for Fourteenth Amendment due process violation when charges were nolle prossed because *Brady* protections not implicated absent conviction).

Plaintiff has failed to state a constitutional interest protected by the Fourteenth Amendment, and therefore, has not stated a claim upon which relief can be granted in Count IV.

## II.    PLAINTIFF'S COMPLAINT FAILS TO GIVE NOTICE OF THE CONDUCT THAT FORMS A BASIS FOR HIS CLAIM

Most of Plaintiff's facts, (paragraphs 6 through 20), go into detail about Defendant Flagg, however, there is no mention of Defendants Shannon, O'Neill, Wasak, Glynn, Doherty, and Morrin specifically, and only vague references to Defendants or Defendant Officers. These vague references do not state a cause of action against Defendants Shannon, O'Neill, Wasak, Glynn, Doherty, and Morrin. Requiring the complaint to state the connection between the plaintiff's claims and a specific defendant's conduct serves the traditional purpose of notice

pleading by giving the defendants fair notice of the claims against them and a reasonable opportunity to form an answer. *Marshall v. Knight*, 445 F.3d 965, 968 (2006). Such notice should "outline or adumbrate" the alleged violations and connect the violations to the defendants. *Christensen v. County of Boone*, 483 F.3d 454, 459 (7th Cir. 2007)(Citing *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992)). The Seventh Circuit has stated that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled. *Airborne Beepers & Video, Inc. v. ATT Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

"A plaintiff cannot state a claim against a defendant by including the defendants named in the caption." *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). A plaintiff must do more than merely name a defendant in the caption of the complaint. *Id.* A complaint should be dismissed if it includes defendants name in the case caption, but fails to allege a specific act on the part of the defendant. *Potter v. Clark*, 497 F.2d 1206, 1207(7th Cir. 1974). A plaintiff fails to provide notice when the complaint names a defendant in the case caption and introductory paragraphs, but fails to include defendant's name in the text of the complaint. *Hernandez v. County of DuPage,* N0. 96 C 8030, 1997 WL 598132, at *10 (N.D.Ill. Sept. 19, 1997)(J. Coar).

Plaintiff fails to allege facts establishing any involvement on the part of Defendants Shannon, O'Neill, Wasak, Glynn, Doherty, and Morrin in any causes of action. Plaintiff's Complaint is so sketchy, that it fails to connect Defendants Shannon, O'Neill, Wasak, Glynn, Doherty, and Morrin to the claims. Plaintiff's Complaint is not fair notice and denies Defendants a reasonable opportunity to answer the Complaint. In paragraph 20 of Plaintiff's Complaint, there is an allegation that "defendants in this case wrote false police reports,

planted evidence, gave false testimony to grand jury, and otherwise support the prosecution of Todd Blaney for crimes that they know he did not commit. (Exhibit A , ¶ 20). Defendants Shannon, O'Neill, Wasak, Glynn, Doherty, and Morrin are forced to speculate as to which one or more of the seven named officers or unknown number of unknown officers he is alleging these facts against.  Plaintiff fails to connect the allegations specifically to any of the officers.

Plaintiff's failure to allege facts establishing any involvement on the part of Defendants Shannon, O'Neill, Wasak, Glynn, Doherty, and Morrin, is especially troublesome given the specific particularity with which Plaintiff makes specific allegations against Defendant Flagg. *See Hernandez,* 1997 WL 598132, at *10 (Plaintiff's failure to allege facts was especially conspicuous given the fact that the complaint contains detailed allegations regarding other individual defendants.).

These vague references fall short of providing the Defendant Officers with sufficient notice of the basis for Plaintiff's claims against them. The Complaint fails to define who is included in what group.  Absent an explicit articulation of specific allegations to certain defendants, Plaintiff's inconsistent use of "Defendants" or "Defendant Officers" throughout the Complaint prohibits one from determining which claims actually refer to which defendants.  The Plaintiff's Complaint contains speculative statements, which the Defendants are left to guess as to which claims refer to which Defendants. This makes it impossible to identify the responsible actors. In essence the Complaint provides no direct connection between Defendants Shannon, O'Neill, Wasak, Glynn, Doherty, and Morrin, and any claim arising out of the incident. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

WHEREFORE, Defendants Shannon, O'Neill, Wasak, Glynn, Doherty, and

Morrin request this court dismiss the complaint in this cause with prejudice or such other relief this court deems appropriate.

Respectfully submitted,

/s/ Thomas H. Freitag
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400                                         August 6, 2008
Chicago, Illinois   60602
312-742-7391
Attorney no. 06272245

# EXHIBIT A

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| TODD BLANEY JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| CITY OF CHICAGO, OFFICER SHANNON, | ) | |
| STAR # 16066, OFFICER FLAGG, STAR # 9386 | ) | |
| SERGEANT O'NEILL, STAR # 2063, | ) | |
| OFFICER WASAK, STAR #19258, OFFICER | ) | |
| GLYNN, STAR # 12217, OFFICER DOHERTY, | ) | |
| STAR # 6032, OFFICER MORRIN, Star #5606, | ) | |
| AND UNKNOWN CHICAGO POLICE | ) | |
| OFFICERS | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, Todd Blaney Jr., through his attorneys, A LAW

OFFICE OF CHRISTOPHER R. SMITH, and for his Complaint against defendants CITY OF

CHICAGO, CHICAGO POLICE OFFICERS FLAGG, STAR # 9386, SERGEANT O'NEILL #

2063, OFFICER WASAK, STAR #19258, OFFICER GLYNN, STAR # 12217, OFFICER

DOHERTY, STAR # 6032, OFFICER MORRIN #5606, and UNKNOWN CHICAGO POLICE

OFFICERS, states as follows:

## JURISDICTION

2. This action is brought pursuant to the laws of the State of Illinois. Plaintiff also

invokes the supplemental jurisdiction of this Court for claims that arise out of federal law 42

1

U.S.C Sections 1983 and 1988 and the United States Constitution.

## PARTIES

3.  Plaintiff is a citizen of the United States, who currently resides in Chicago, Cook County, Illinois.

4.  Defendant Chicago Police Officers, collectively the "Officer Defendants," were, at the time of this occurrence, duly licensed Chicago Police Officers.  They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5.  Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of all other defendants. At all times relevant hereto, all defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois and the City of Chicago, and within the scope of their employment with defendant institutions.

## FACTS

6.      In the afternoon of March 19, 2004, Todd Blaney was in his grandmother's home.

7.      Defendant officers came to the front door, and began to attempt to pry it open.

8.      When she saw defendant officers attempting to pry the door open, Todd Blaney's mother opened the door to address the officers.

9.      The defendant officers swarmed past her, and into the house.

10.     When the defendant officers encountered Todd Blaney, they immediately placed him in handcuffs.

11.    The defendant officers handcuffed Mr. Blaney's brother, uncle, and mother.

12.    Defendant Flagg began threatening members of Mr. Blaney's family, in front of the other Officer Defendants, telling them that they would go to jail if they did not show him money or drugs.

13.    Defendant Flagg demanded that Mr. Blaney tell him where the money, drugs, and guns were.

14.    When Mr. Blaney told Defendant Flagg that he did not know where any drugs, money, or guns were, planted a bag of drugs on Mr. Blaney and told him that he was going to jail.

15.    Defendants took Mr. Blaney to jail.

16.    Mr. Blaney remained incarcerated for five days, and was under house arrest for an additional two weeks before he could post bond.

17.    The City of Chicago removed defendant Flagg from the police force, and the Cook County State's Attorney prosecuted defendant Flagg for criminal misconduct in his official capacity.

18.    Until the case was nolle prossed on October 29, 2007, well after the criminal prosecution against defendant Flagg had commenced, Cook County state's attorneys continued to use information supplied by the thoroughly discredited Corey Flagg and his confederates to form the basis of their prosecution of plaintiff.

19.    The case against Mr. Blaney was dismissed in a manner indicative of his innocence.

3

20.    The defendants in this case wrote false police reports, planted evidence, gave false testimony to a grand jury, and otherwise supported the prosecution of Todd Blaney for crimes that they know he did not commit.

## Count I

### 745 ILCS 10/9-102

1-20.    Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21.    Defendant City of Chicago is the employer of all police officer defendants.

22.    The Officer Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should any of the individual officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment Plaintiff obtain against said defendants, as well as attorneys fees and costs awarded.

## Count II

### Malicious Prosecution — State Claim Against City and Officers

1-20.    Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21.  By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute plaintiff Mr. Blaney on false charges for which they knew there was no probable cause.

22.    The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of

4

defendant City, and while acting within the scope of this employment.

23.    As a direct and proximate result of the malicious prosecution, Terrance Thompson was damaged, including the value of his lost liberty, attorneys' fees, lost work, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, anguish, the loss of a relationship with his child, and the loss of a normal life.

WHEREFORE, Todd Blaney demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION ($1,000,000.00), and further demands attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

### Count III

### Intentional Infliction of Emotional Distress Against City and Officers

1-20.    Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21.    The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

22.    Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

23.    As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of

sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

24.    The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, Todd Blaney demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION ($1,000,000.00), and further demands attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

### Count IV

### 42 U.S.C. Section 1983 – Due Process

1-20.    Plaintiff realleges paragraphs 1 through 20 above, as if fully set forth here.

21.    As described more fully above, all of the defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to a fair trial.

22.    In the manner described more fully above, the defendants deliberately withheld exculpatory evidence, as well as fabricated false reports, testimony, and other evidence, thereby misleading and misdirecting the criminal prosecution of Plaintiff.  Absent this misconduct, the prosecution of Plaintiff could not and would not have been pursued.

23.    The defendant officers' misconduct also directly resulted in the unjust criminal

conviction of Plaintiff, thereby denying him his constitutional right to a fair trial, and a fair appeal thereof, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

24.     As a result of this violation of his constitutional rights, Plaintiff suffered injuries, including, but not limited to, emotional distress and a deprivation of his liberty, as is more fully alleged above.

25.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

26.     The misconduct described in this Count was undertaken pursuant to the official policy and practice of the Chicago Police Department in the manner described more fully above.

WHEREFORE, Todd Blaney demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION ($1,000,000.00), and further demands attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

7

Respectfully submitted,

TODD BLANEY JR.

By:    One of his attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.

Christopher R. Smith
Jared S. Kosoglad
A Law Office of Christopher R. Smith
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400

8

# EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 001

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 04CR0969901

TODD        BLANEY

## CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

Charging the above named defendant with:

| | | |
|---|---|---|
| 720-570/401(a)(2)(A) | F | MFG/DEL 15<100 GR COCA/ANALOG |
| 720-550/5(d) | F | MFG/DEL CANNABIS/30-500 GRAMS |

The following disposition(s) was/were rendered before the Honorable Judge(s):

```
04/19/04 IND/INFO-CLK OFFICE-PRES JUDGE          05/05/04 1701
         04CR0969901 ID# CR100272523
05/05/04 CASE ASSIGNED                           05/05/04 1714
         BIEBEL, PAUL JR.
05/05/04 DEFENDANT NOT IN COURT                  00/00/00
         BIEBEL, PAUL JR.
05/05/04 DEFENDANT ON BOND                       00/00/00
         PORTER DENNIS J
05/05/04 APPEARANCE FILED                        00/00/00
         PORTER DENNIS J
05/05/04 PLEA OF NOT GUILTY                      00/00/00
         PORTER DENNIS J
05/05/04 ADMONISH AS TO TRIAL IN ABSENT          00/00/00
         PORTER DENNIS J
05/05/04 MOTION FOR DISCOVERY                    00/00/00 F      1
         PORTER DENNIS J
05/05/04 DISCOVERY ANSWER FILED                  00/00/00        1
         PORTER DENNIS J
05/05/04 CONTINUANCE BY AGREEMENT                06/02/04
         PORTER DENNIS J
06/02/04 CONTINUANCE BY AGREEMENT                06/30/04
         PORTER DENNIS J
06/30/04 CONTINUANCE BY AGREEMENT                08/05/04
         WOOD, WILLIAM S.
08/05/04 DEFENDANT ON BOND                       00/00/00
         PORTER DENNIS J
08/05/04 CONTINUANCE BY AGREEMENT                09/17/04
         PORTER DENNIS J
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 002

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 04CR0969901

    TODD          BLANEY

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
09/17/04 DEFENDANT ON BOND                        00/00/00
        PORTER DENNIS J
09/17/04 CONTINUANCE BY AGREEMENT                 10/14/04
        PORTER DENNIS J
10/14/04 DEFENDANT ON BOND                        00/00/00
        PORTER DENNIS J
10/14/04 CONTINUANCE BY AGREEMENT                 11/03/04
        PORTER DENNIS J
11/03/04 DEFENDANT ON BOND                        00/00/00
        PORTER DENNIS J
11/03/04 CONTINUANCE BY AGREEMENT                 12/06/04
        PORTER DENNIS J
12/06/04 DEFENDANT ON BOND                        00/00/00
        PORTER DENNIS J
12/06/04 CONTINUANCE BY AGREEMENT                 02/08/05
        PORTER DENNIS J
02/08/05 DEFENDANT ON BOND                        00/00/00
        PORTER DENNIS J
02/08/05 CONTINUANCE BY AGREEMENT                 03/08/05
        PORTER DENNIS J
03/08/05 DEFENDANT ON BOND                        00/00/00
        PORTER DENNIS J
03/08/05 CONTINUANCE BY AGREEMENT                 03/22/05
        PORTER DENNIS J
03/22/05 DEFENDANT ON BOND                        00/00/00
        CLAPS JOSEPH M
03/22/05 CONTINUANCE BY AGREEMENT                 04/27/05
        CLAPS JOSEPH M
04/27/05 DEFENDANT ON BOND                        00/00/00
        PORTER DENNIS J
04/27/05 CONTINUANCE BY AGREEMENT                 06/02/05
        PORTER DENNIS J
06/02/05 DEFENDANT ON BOND                        00/00/00
        PORTER DENNIS J
06/02/05 CONTINUANCE BY AGREEMENT                 07/12/05
        PORTER DENNIS J
07/12/05 DEFENDANT ON BOND                        00/00/00
        PORTER DENNIS J

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 003

PEOPLE OF THE STATE OF ILLINOIS

                    VS            NUMBER 04CR0969901

      TODD        BLANEY

        CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
07/12/05 MOTION DEFT - CONTINUANCE - MD          08/04/05
      PORTER DENNIS J
08/04/05 DEFENDANT ON BOND                       00/00/00
      PORTER DENNIS J
08/04/05 CONTINUANCE BY AGREEMENT                08/25/05
      PORTER DENNIS J
08/25/05 DEFENDANT ON BOND                       00/00/00
      PORTER DENNIS J
08/25/05 WITNESSES ORDERED TO APPEAR             00/00/00
      PORTER DENNIS J
08/25/05 CONTINUANCE BY AGREEMENT                09/20/05
      PORTER DENNIS J
09/20/05 DEFENDANT ON BOND                       00/00/00
      PORTER DENNIS J
09/20/05 CONTINUANCE BY AGREEMENT                10/18/05
      PORTER DENNIS J
10/18/05 DEFENDANT ON BOND                       00/00/00
      PORTER DENNIS J
10/18/05 WITNESSES ORDERED TO APPEAR             00/00/00
      PORTER DENNIS J
10/18/05 MOTION DEFT - CONTINUANCE - MD          11/22/05
      PORTER DENNIS J
11/22/05 DEFENDANT ON BOND                       00/00/00
      PORTER DENNIS J
11/22/05 CONTINUANCE BY AGREEMENT                12/21/05
      PORTER DENNIS J
12/21/05 DEFENDANT ON BOND                       00/00/00
      PORTER DENNIS J
12/21/05 CONTINUANCE BY AGREEMENT                01/18/06
      PORTER DENNIS J
01/18/06 CONTINUANCE BY AGREEMENT                02/06/06
      PORTER DENNIS J
02/06/06 DEFENDANT ON BOND                       00/00/00
      PORTER DENNIS J
02/06/06 CONTINUANCE BY AGREEMENT                03/14/06
      PORTER DENNIS J
03/14/06 DEFENDANT ON BOND                       00/00/00
      PORTER DENNIS J

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 004

PEOPLE OF THE STATE OF ILLINOIS

                    VS              NUMBER 04CR0969901

TODD          BLANEY

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
03/14/06 CONTINUANCE BY AGREEMENT                04/13/06
         PORTER DENNIS J
04/13/06 DEFENDANT ON BOND                       00/00/00
         PORTER DENNIS J
04/13/06 CONTINUANCE BY AGREEMENT                05/23/06
         PORTER DENNIS J
05/23/06 DEFENDANT ON BOND                       00/00/00
         PORTER DENNIS J
05/23/06 CONTINUANCE BY AGREEMENT                06/13/06
         PORTER DENNIS J
07/25/06 DEFENDANT IN CUSTODY                    00/00/00
         PORTER DENNIS J
07/25/06 PRISONER DATA SHEET TO ISSUE            00/00/00
         PORTER DENNIS J
07/25/06 CONTINUANCE BY AGREEMENT                08/09/06
         PORTER DENNIS J
08/09/06 PRISONER DATA SHEET TO ISSUE            00/00/00
         PORTER DENNIS J
08/09/06 MOTION TO WITHDRAW AS ATTORNEY          00/00/00 S      2
         PORTER DENNIS J
08/09/06 APPEARANCE FILED                        00/00/00
         PORTER DENNIS J
08/09/06 CONTINUANCE BY AGREEMENT                08/22/06
         PORTER DENNIS J
08/22/06 PRISONER DATA SHEET TO ISSUE            00/00/00
         PORTER DENNIS J
08/22/06 CONTINUANCE BY AGREEMENT                09/01/06
         PORTER DENNIS J
09/01/06 DEFENDANT ON BOND                       00/00/00
         PORTER DENNIS J
09/01/06 WITNESSES ORDERED TO APPEAR             00/00/00
         PORTER DENNIS J
09/01/06 CONTINUANCE BY AGREEMENT                09/13/06
         PORTER DENNIS J
09/13/06 DEFENDANT ON BOND                       00/00/00
         PORTER DENNIS J
09/13/06 WITNESSES ORDERED TO APPEAR             00/00/00
         PORTER DENNIS J

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 005

PEOPLE OF THE STATE OF ILLINOIS

                    VS              NUMBER 04CR0969901

TODD        BLANEY

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
09/13/06 CONTINUANCE BY AGREEMENT                    10/03/06
       PORTER DENNIS J
10/03/06 DEFENDANT ON BOND                           00/00/00
       PORTER DENNIS J
10/03/06 CONTINUANCE BY AGREEMENT                    11/01/06
       PORTER DENNIS J
11/01/06 WITNESSES ORDERED TO APPEAR                 00/00/00
       PORTER DENNIS J
11/01/06 CONTINUANCE BY AGREEMENT                    01/03/07
       PORTER DENNIS J
01/03/07 DEFENDANT ON BOND                           00/00/00
       PORTER DENNIS J
01/03/07 CONTINUANCE BY AGREEMENT                    01/29/07
       PORTER DENNIS J
01/18/07 DEFENDANT NOT IN COURT                      00/00/00
       PORTER DENNIS J
01/18/07 CASE ADVANCED                               00/00/00
       PORTER DENNIS J
01/18/07 WITNESSES ORDERED TO APPEAR                 00/00/00
       PORTER DENNIS J
01/18/07 CONTINUANCE BY AGREEMENT                    03/13/07
       PORTER DENNIS J
03/13/07 DEFENDANT ON BOND                           00/00/00
       PORTER DENNIS J
03/13/07 CONTINUANCE BY AGREEMENT                    05/01/07
       PORTER DENNIS J
05/01/07 DEFENDANT ON BOND                           00/00/00
       PORTER DENNIS J
05/01/07 CONTINUANCE BY AGREEMENT                    06/11/07
       PORTER DENNIS J
06/11/07 DEFENDANT ON BOND                           00/00/00
       PORTER DENNIS J
06/11/07 CONTINUANCE BY AGREEMENT                    08/01/07
       PORTER DENNIS J
08/01/07 DEFENDANT ON BOND                           00/00/00
       PORTER DENNIS J
08/01/07 CONTINUANCE BY AGREEMENT                    08/02/07
       PORTER DENNIS J

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 006

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 04CR0969901

TODD          BLANEY

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
08/02/07 DEFENDANT ON BOND                      00/00/00
     PORTER DENNIS J
08/02/07 CONTINUANCE BY AGREEMENT               08/10/07
     PORTER DENNIS J
08/10/07 DEFENDANT ON BOND                      00/00/00
     PORTER DENNIS J
08/10/07 CONTINUANCE BY AGREEMENT               08/23/07
     PORTER DENNIS J
08/23/07 DEFENDANT ON BOND                      00/00/00
     PORTER DENNIS J
08/23/07 WITNESSES ORDERED TO APPEAR            00/00/00
     PORTER DENNIS J
08/23/07 CONTINUANCE BY AGREEMENT               10/22/07
     PORTER DENNIS J
08/23/07 CHANGE PRIORITY STATUS        R        00/00/00
     PORTER DENNIS J
08/24/07 DEFENDANT ON BOND                      00/00/00
     PORTER DENNIS J
08/24/07 CASE ADVANCED                          00/00/00 S      2
     PORTER DENNIS J
08/24/07 WITNESSES ORDERED TO APPEAR            00/00/00
     PORTER DENNIS J
08/24/07 CONTINUANCE BY AGREEMENT               10/22/07
     PORTER DENNIS J
08/24/07 CHANGE PRIORITY STATUS        R        00/00/00
     PORTER DENNIS J
09/21/07 DEFENDANT ON BOND                      00/00/00
     PORTER DENNIS J
09/21/07 DEFENDANT NOT IN COURT                 00/00/00
     PORTER DENNIS J
09/21/07 CASE ADVANCED                          00/00/00 S      2
     PORTER DENNIS J
09/21/07 CONTINUANCE BY AGREEMENT               10/29/07
     PORTER DENNIS J
10/29/07 DEFENDANT ON BOND                      00/00/00
     PORTER DENNIS J
10/29/07 NOLLE PROSEQUI                    CALL 00/00/00
     PORTER DENNIS J

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 007

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 04CR0969901

    TODD          BLANEY

        CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
10/29/07 WARRANT QUASHED                              00/00/00
    PORTER DENNIS J
10/29/07 CASH BOND REFUND TO ATTORNEY      B001 00/00/00
    37300
    PORTER DENNIS J
10/29/07 CHANGE PRIORITY STATUS            M    00/00/00
    PORTER DENNIS J
10/29/07 RECALL/EXEC SENT TO POLICE AGY         00/00/00
11/30/07 CBR PROCSED FRWD ACCT DEP              00/00/00



                              I hereby certify that the foregoing has
                              been entered of record on the above
                              captioned case.
                              Date 07/25/08

                              Dorothy Brown S.J.
                              ───────────────────────────────
                                   DOROTHY BROWN
                              CLERK OF THE CIRCUIT COURT OF COOK COUNTY